```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
PANCHITA J. NUNES,                                          :
                                                            :
                         Plaintiff,                         :
                                                            :           MEMORANDUM AND ORDER
              -against-                                     :           10-CV-1270 (DLI)(RLM)
                                                            :
WELLS FARGO BANK, NA,                                       :
                                                            :
                         Defendant.                         :
                                                            :
----------------------------------------------------------- x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Panchita Nunes ("Plaintiff") commenced this action against Wells Fargo, N.A. ("Defendant"), alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") and seeking damages and rescission of her mortgage loan. Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and seeks dismissal of the action in its entirety. (Docket Entry No. 36.) Plaintiff opposes and has cross-moved for partial summary judgment. (Docket Entry No. 45.) For the reasons set forth below, Defendant's motion is granted, Plaintiff's cross-motion is denied, and the action is dismissed.

## BACKGROUND

Plaintiff is the owner and mortgagor of real property located at 358 Prospect Place, Brooklyn, NY 11238 (the "Property"). (Local Rule 56.1 Statement of Undisputed Facts by Def. Wells Fargo Bank, N.A. ("Def. 56.1") ¶ 1, Docket Entry No. 38; Pl.'s Local Rule 56.1 Statement ("Pl. 56.1") ¶ 1, Docket Entry No. 46.) The Property is a three-unit apartment complex. (Dep. of Panchita Nunes ("Nunes Dep.") at 9:5-9:12, Docket Entry No. 48-1.) Plaintiff and two of her daughters live in one of the units. (Nunes Dep. at 9:14-9:19.) Plaintiff has rented out the other two units in the past; however, one of those units is currently vacant. (Nunes Dep. at 9:20-9:23.)

On or about November 2, 2007, Plaintiff obtained a mortgage loan for $568,400 in principal from Professional Mortgage Bankers Corp. (Def. 56.1 ¶ 3; Pl. 56.1 ¶ 3.) The loan was subsequently assigned to Defendant. (Def. 56.1 ¶ 11; Pl. 56.1 ¶ 11.)

After making 13 consecutive monthly payments, Plaintiff defaulted on the loan in March 2009. (Def. 56.1 ¶ 12; Pl. 56.1 ¶ 12; Nunes Dep. at 127:9-127:18.) Plaintiff could no longer make the monthly payment amount—approximately $4,000—due to a vacancy in one of the Property's rental units. (Nunes Dep. at 84:21-85:4; Decl. of Renee Garcia ("Garcia Decl.") Ex. D, Docket Entry No. 39.) On December 10, 2009, Defendant commenced foreclosure proceedings in New York Supreme Court, Kings County. (Def. 56.1 ¶ 12; Pl. 56.1 ¶ 12.) Plaintiff answered the foreclosure complaint, but did not assert TILA violations. (Def. 56.1 ¶ 13; Pl. 56.1 ¶ 13.)

On or about February 24, 2010, Plaintiff's attorney sent Defendant a notice advising that Plaintiff wished to rescind her loan, and noting that "[m]y client is prepared to discuss a tender obligation." (Def. 56.1 ¶ 14; Pl. 56.1 ¶ 14; Garcia Decl. Ex. L.) In response, on or about March 9, 2010, outside counsel for Defendant sent a letter to Plaintiff's counsel and advised that the demand for rescission has been denied. (Def. 56.1 ¶ 15; Pl. 56.1 ¶ 15.) Additionally, Defendant sent a second letter to Plaintiff's counsel on or about April 22, 2010, informing Plaintiff that Defendant had reviewed the TILA disclosure and found it to be in compliance with the statute. (Def. 56.1 ¶ 16; Pl. 56.1 ¶ 16.)

On March 19, 2010, Plaintiff commenced this action, seeking rescission of the loan and damages for purported violations of TILA. (Compl., Docket Entry No 1.) On December 20, 2010, Plaintiff filed an amended complaint and identified an additional TILA violation that she failed to raise in her original complaint—specifically, Plaintiff now alleges that Defendant failed

to accurately disclose the monthly insurance payments due for the loan.[1] (Am Compl. ¶¶ 39-41, Docket Entry No. 18.)

During discovery, Plaintiff testified that she did not know whether she wanted to rescind the mortgage. (Def. 56.1 ¶ 20; Pl. 56.1 ¶ 20.) Plaintiff also testified that she did not know whether she could tender the principal balance back to Defendant if the loan were rescinded, she had not explored refinancing the loan, and she did not know whether she would qualify, if she applied for a refinance.[2] (Def. 56.1 ¶ 19; Pl. 56.1 ¶ 19.)

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view all facts in the light most favorable to the nonmoving party, but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id*. A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party, however, may not rely on "[c]onclusory allegations, conjecture, and

---

[1] Plaintiff's amended complaint also alleged that Defendant committed a second TILA violation by failing to accurately disclose the prepaid finance charge for the loan. (Am. Compl. ¶¶ 21-27.) However, Plaintiff conceded during discovery that this allegation was based on her own incorrect calculations. (Def. 56.1 ¶¶ 29-30; Pl. 56.1 ¶¶ 29-30.)

[2] When specifically asked how she would pay back the principal of her loan, Plaintiff stated, "I—I don't have an idea at this time. I'm—probably if I—if some kind of, I don't know, modification or something and they would ask me to pay a portion or something on a monthly basis or so. I don't have a definitive answer to that right now." (Nunes Dep. 131:25-132:6.)

3

speculation." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship.*, 22 F.3d 1219, 1224 (2d Cir. 1994) (citing *Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988)).

**II.    TILA**

Defendant seeks dismissal of the action on several grounds, including that Plaintiff cannot demonstrate she is able to tender the principal balance of the loan. (Def.'s Mem. of Law in Supp. of its Mot. for Summ. J. ("Def. Mem.") at 9-12, Docket Entry No. 37.) For the reasons stated below, Defendant's motion for summary judgment is granted on this basis. Because the Court finds dismissal of the action is warranted in light of Plaintiff's failure to demonstrate an ability to tender, it declines to reach Defendant's remaining arguments.

A.    Rescission

Rescission under TILA "return[s] the parties most nearly to the position they held prior to entering into the transaction." *Williams v. Homestake Mortg. Co.*, 968 F.2d 1137, 1140 (11th Cir. 1992). Section 1635(b) sets forth the following sequence of rescission events: within twenty days of receiving a notice of rescission, the creditor is to return any money or property and reflect termination of the security interest; when the creditor has met these obligations, the borrower then must tender the property.[3] 15 U.S.C. § 1635(b). However, the statute expressly

---

[3] 15 U.S.C. § 1635(b) reads, in relevant part, as follows:

> Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it.

permits courts to modify the sequence of these events. *Id.* ("The procedures prescribed by this subsection shall apply *except when otherwise ordered by a court*.") (emphasis added); *see also* 12 C.F.R. § 226.23(d)(4) (stating that the procedures for rescission "may be modified by court order"). "Whether the court, in its equitable discretion, should require plaintiff to tender the loan proceeds prior to rescission 'will depend on the equities present in a particular case.'" *Midouin v. Downey Sav. and Loan Ass'n, F.A.*, 834 F. Supp. 2d 95, 106 (E.D.N.Y. 2011) (quoting *Palmer v. Wilson*, 502 F.2d 860, 862 (9th Cir. 1974)).

Numerous courts have exercised their discretion under TILA to condition rescission on tender at the summary judgment stage when there is sufficient evidence to assess the equities and evaluate the borrower's willingness and ability to repay the balance of loan. *See, e.g.*, *Demarest v. Ocwen Loan Servicing, LLC*, 481 F. App'x 352, 353 (9th Cir. 2012) ("The district court properly granted summary judgment on [plaintiff's TILA] claim seeking rescission because [plaintiff] failed to raise a genuine dispute of material fact that she could tender the proceeds of the loan in the event that the court granted her this remedy."); *Am. Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 822 (4th Cir. 2007) ("The trial court properly denied rescission, given the appellants' inability to tender payment of the loan amount."); *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F. Supp.2d 311, 334 (D. Conn. 2012) ("[T]o be entitled to rescission [under TILA] Plaintiff would have to tender the proceeds of the Note and Mortgage Deed which in this case

---

> Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

was $372,000."); *Moazed v. First Union Mortg. Corp.*, 319 F. Supp. 2d 268, 272 (D. Conn. 2004) (granting lender summary judgment and finding rescission under TILA unwarranted where "it [was] undisputed that the principal balance cannot be returned"); *see also Jobe v. Argent Mortg. Co., LLC*, 373 F. App'x 260, 262 (3d Cir. 2010) (finding rescission under TILA unwarranted where plaintiffs testified at trial "they are unable to repay the loan advanced to them, and they have not made any payments for more than four years").

Here, Plaintiff has failed to present a triable material issue of fact concerning her ability and willingness to tender. Plaintiff, who stopped making monthly payments on the loan nearly three years ago, concedes that she does not know how she could tender the principal back to Defendant. Although tender might be accomplished by refinancing the loan, Plaintiff admitted that she has not explored refinancing and presents no evidence that she would even qualify for that option. Plaintiff also has failed to provide any evidence or indication that she could accomplish tender by any other means.

Plaintiff's suggestion in her opposition brief that she has the ability to tender is conclusory and unsupported by the evidence. (Pl.'s Mem. in Supp. of Pl.'s Cross-Motion for Partial Summ. J. and in Opp'n to Def.'s Mot. for Summ. J. ("Pl. Mem.") at 19-20, Docket Entry No. 47.) Indeed, the only evidence cited by Plaintiff to demonstrate her ability to tender is her own deposition statements about her monthly rental income and contributions by family members to household expenses.[4] (*Id.*) Even when construed in the light most favorable to

---

[4] Specifically Plaintiff relies on the following statements from her deposition: (1) Plaintiff previously rented two units of the Property (for $1,650 and $1,600 per month, respectively), although one of the units currently is vacant; (2) two of Plaintiff's children, Raquel and Richard, previously made contributions to household expenses of approximately $350 and $260 per month; (3) another child of Plaintiff's, Leandra, receives a government benefit of $695 per month and contributes to household expenses; and (4) Leandra's father contributes $400 to $500 per month to household expenses. (Pl. Mem. at 19; Nunes Dep. at 49:18-50:9, 50:17-53:17,

Plaintiff, however, this testimony it is plainly insufficient to demonstrate an ability to tender with respect to a $568,400 loan. Plaintiff also contends, in conclusory fashion, that the amount of tender is in dispute between the parties, but offers no argument or evidence to suggest that the disputed amount is material. (Pl. Mem. at 19-20.)

Plaintiff concedes in her brief that "[t]here is little doubt that a Court has the equitable authority to condition rescission on tender." (Pl. Mem. at 17.) Nonetheless, Plaintiff contends that the Court should not condition rescission on tender at this stage and relies heavily on *Williams v. Saxon Mortgage Company*, 2008 WL 45739 (S.D. Ala. Jan. 2, 2008), a case with inapposite facts to the ones here. In *Williams*, the court declined to condition rescission on tender prior to trial because (1) the lender failed to inquire about the borrowers' ability to tender during discovery; and (2) "[the borrowers] ha[d] come forward with an adequate showing of their ability to repay the loan if rescission [were] granted." *Id.* at *5-6. In contrast, here, Plaintiff resisted providing Defendant with evidence of her ability to tender throughout discovery[5] and failed to submit evidence as to her ability tender in response to Defendant's summary judgment motion.

Plaintiff also attempts to rely on an official staff commentary to Regulation Z, which states, in pertinent part, that "a court would normally determine whether the consumer has a right

---

56:25-58:3.)

[5] During discovery, Defendant served an interrogatory requesting that Plaintiff "[s]tate whether, if the loan is rescinded and the Court requires Plaintiff to tender the loan proceeds, Plaintiff will be able to do so and identify the source of those funds." (Garcia Decl. Ex. O at 7.) Plaintiff did not provide a substantive response, but instead objected on the basis that the interrogatory "provide[d] no information regarding the amount or terms of the hypothetical tender." (*Id.*) Additionally, in response to Defendant's document request seeking documents sufficient to show that Plaintiff "could return the amount loaned to her . . . if rescission were awarded," Plaintiff objected to the request as being irrelevant, vexatious, oppressive, overbroad, and unduly burdensome, and gave no indication she intended to produce responsive documents. (Garcia Decl. Ex. P. at 8.)

7

to rescind and determine the amounts owed before establishing the procedures for the parties to tender any money or property." Regulation Z, 69 Fed. Reg. 16,769 (Mar. 31, 2004). However, nothing in this commentary overrides a court's discretion under TILA to condition rescission on the tender of loan proceeds under the circumstances present in this case. *See Fowler v. Wells Fargo Bank, N.A.*, 2011 WL 175506, at *8 (N.D. Cal. Jan. 18, 2011) ("The [official staff commentary] does not preclude courts from requiring a borrower seeking rescission to allege a willingness and ability to tender prior to allowing a rescission claim to proceed.").

In sum, Plaintiff, who commenced this action nearly three years ago after defaulting on the loan, has had adequate time to explore rescission options and has failed provide any evidentiary support of her ability to tender. Under these circumstances, the Court finds it appropriate to condition rescission on tender, and, in doing so, concludes that Plaintiff is not entitled to rescission under TILA.

B.   Damages

Separate from her request for equitable relief, Plaintiff argues that she has a viable claim for damages premised solely on Defendant's purported "failure to properly respond to . . . Plaintiff's [February 24, 2010] rescission request."[6] (Pl. Mem. at 20-22.) However, because Court has found that Plaintiff has no right to rescind, Plaintiff is not entitled to damages for Defendant's failure to honor her request. *See Slojewski v. Polam Fed. Credit Union*, 473 F. App'x 534, 535 (9th Cir. 2012) ("The district court properly found that [the borrower] has no right to rescind in this case. Accordingly, no damages may flow from [the borrower's] alleged right to rescind because it does not exist."); *see also Sherzer v. Homestar Mortg. Servs.*, --- F.3d ---, 2013 WL 425835, at *7 n.6 (3d Cir. Feb. 05, 2013) ("[A] notice of rescission is not effective

---

[6] Defendant notes that Plaintiff conceded previously that her claim for damages arising from Defendant's alleged failure to provide accurate disclosures is time-barred. (Def. Mem. at 13.)

8

if the obligor lacks either the intention or the ability to perform, *i.e.*, repay the loan.").

## CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment is granted in its entirety; Plaintiff's cross-motion for partial summary judgment is denied; and this action is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
      March 20, 2013

_____/s/_____
DORA L. IRIZARRY
United States District Judge